# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **HARLEY JACKSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21CV00044 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **SCOTTIE WHITED,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Michael A. Bragg,* BRAGG LAW, *Abingdon, Virginia, for Plaintiff; Joseph A. Piasta,* JOHNSON, AYERS, & MATTHEWS, P.L.C., *Roanoke, Virginia, for Defendant.*

In this civil rights action brought under 42 U.S.C. § 1983, the defendant moves to dismiss on the ground that service of the lawsuit was not timely made in compliance with Federal Rule of Civil Procedure 4(m). For the reasons set forth herein, I will deny the motion.

I.

The plaintiff, represented by counsel, filed this action against defendant Deputy Sheriff Scottie Whited on October 19, 2021, alleging that on August 27, 2017, the defendant violated his civil rights protected under the Fourth and Fourteenth Amendments, and seeking compensatory and punitive damages.[1]

---

[1] The plaintiff filed an identical Complaint with this court on August 23, 2019. *Jackson v. Whited*, Case No. 1:19CV00035 (W.D. Va.). A year and seven months later, on April 9, 2021, the court entered an Order to Show Cause, inquiring why that Complaint should not be dismissed because of a lack of timely service of process under Rule 4(m).

Plaintiff's counsel took no further action to serve the Complaint on the defendant until the court entered the following Order on March 20, 2023:

> This action was filed on October 19, 2021, and no proof of service on the defendant has been filed. It is accordingly **ORDERED** that the plaintiff must show cause, if any he can, within 14 days of the date of entry of this Order, why the action should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

Order, ECF No. 2. Plaintiff's counsel responded on April 3, 2023, representing that "[u]pon commencement of this action, Plaintiff has suffered serious medical issues." Resp. Order Show Cause 1, ECF No. 4. On April 13, 2023, without further action by the court, plaintiff's counsel accomplished service on the defendant.

The defendant then filed a Motion to Dismiss under Rule 12(b)(4) and (5), on the basis that the plaintiff had failed to serve the Complaint within ninety days as required by Rule 4(m). In response, the plaintiff admits that "no process was directed to or served on the [d]efendant within that 90 day period." Resp. Opp'n Mot. Dismiss 1, ECF No. 8. Plaintiff's counsel explains that when his client began intensive cancer treatments, counsel believed the treatments "would prohibit the required pretrial work-up of the case." *Id*. The plaintiff argues three points: (1) The rule mandates that the court must grant additional time for service because he

---

The plaintiff responded by filing a Notice of Voluntary Dismissal on April 23, 2021, and then filing the present Complaint almost six months later. Defendant's counsel represents that neither he nor, to counsel's knowledge, the defendant, was aware of this dismissed action and that the first knowledge of any claim regarding the events of August 27, 2017, occurred when the present suit was served on April 13, 2023, five and a half years later.

has shown good cause for the delay given his medical condition; (2) that addressing the issue is unnecessary because the Complaint has been served; and (3) that even if the court finds that there is not good cause for the late service, the court has the discretion to allow the case to go forward by dismissing it without prejudice. If the court dismisses the action without prejudice for untimely service, the plaintiff intends to refile the Complaint.

Having been fully briefed and oral argument heard, the motion is ripe for disposition.

## II.

Rule 4(m) requires that a defendant must be served within ninety days after filing a complaint. If the plaintiff fails to serve the complaint within the allotted period, the court must either dismiss the action without prejudice on motion by the opposing party or on its own motion after notice to the plaintiff. Alternatively, the court may order the plaintiff to serve process within a specified time. Fed. R. Civ. P. 4(m). The court may choose either of those options without a showing of good cause. *Gelin v. Shuman*, 35 F.4th 212, 219 (4th Cir. 2022). Nevertheless, "the court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service." *Billups v. Clinch Valley Med. Ctr.*, No. 1:19CV00047, 2021 WL 1015826, at *2 (W.D. Va. Mar. 16, 2021) (citation omitted).

The plaintiff's counsel has not shown good cause or excusable neglect for failing to timely serve the Complaint. The court provided notice to the plaintiff that the lawsuit was in danger of dismissal and asked the plaintiff why the case should not be dismissed under Rule 4(m) for failure to prosecute. Counsel explained that the plaintiff's medical condition prevented him from serving the Complaint within the prescribed period.[2] That reason is insufficient to establish good cause given the lengthy delay and the fact that the plaintiff's condition did not prevent counsel from serving the Complaint the day after responding to the court. *Shilling v. Thomas*, No. PWG-16-2696, 2017 WL 1035854, at *6 (D. Md. Mar. 16, 2017) (finding plaintiff's health condition did not constitute good cause for failing to comply with Rule 4(m)). Counsel does not point to external forces that obstructed the execution of timely service. *Londeree v. Crutchfield Corp.*, 68 F. Supp. 2d 718, 723 (W.D. Va. Sept. 29, 1999) (noting that courts have found the lack of an address or an evasive defendant may excuse untimely service), *aff'd*, 210 F.3d 361 (4th Cir. 2000). Counsel does not claim that he diligently worked to attempt to serve the defendant and did not seek an enlargement of time for excusable neglect under Rule 6(b)(1)(B).

---

[2] The defendant claims that the on-line Virginia Court Case Information website shows that the plaintiff appeared in a Virginia court on July 12, 2022, for a traffic violation. Def.'s Mot. Dismiss Mem. Supp 5, ECF No. 7. Plaintiff's counsel does not dispute that allegation.

Nevertheless, Rule 4(m) does not require good cause for the plaintiff to avoid dismissal or for the court to order the plaintiff to achieve service within a specified time after the ninety days has expired. *Gelin*, 35 F.4th at 219. The court must balance the preference for deciding claims on their merits with the need to give effect to the rule. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417–418 (4th Cir. 2010).

The plaintiff has served the Complaint, and thus dismissal would only cause further delay and expense. The defendant contends "the possibility of prejudice . . . is manifest" from the delay, Mot Dismiss 4, ECF No. 7, but he does not claim actual prejudice and has not asserted that material evidence is now unavailable. The Fourth Circuit's longstanding strong policy of not depriving parties of their fair day in court weighs in favor of allowing the case to proceed.

### III.

For the reasons stated, it is **ORDERED** that the Motion to Dismiss, ECF No. 7, is DENIED.[3]

---

[3] I note that defendant's counsel represents that if the action is not dismissed on the present motion, or if dismissed and the plaintiff filed a new action, as predicted, a motion based on the statute of limitations will be filed. Virginia's two-year statute of limitations period for personal injury claims governs 42 U.S.C. § 1983 actions, including any state tolling rules. *Scoggins v. Douglas*, 760 F.2d 535, 537 (4th Cir 1985). A Virginia statute, Va. Code Ann. § 8.01-229(E)(1), operates to toll a statute of limitations if "commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits." But it is not clear that the statute would apply to toll the period when the plaintiff's first action was pending. *See Doe v. Va. Polytechnic Inst. & State Univ.*, 617 F. Supp. 3d 412, 434–35 (W.D. Va. 2022) (holding that because the plaintiff's

ENTER: July 24, 2023

/s/  JAMES P. JONES
Senior United States District Judge

---

first lawsuit under Title IX was dismissed without service on the defendant, the tolling effect of the suit is wiped out for the purpose of applying section 8.01-229(E)(1)) because the first action was not deemed commenced). I leave that decision for another day.