**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **HARLEY JACKSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21CV00044 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **SCOTTIE WHITED,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Michael A. Bragg, BRAGG LAW, Abingdon, Virginia, for Plaintiff; Joseph A. Piasta, JOHNSON, AYERS, & MATTHEWS, P.L.C., Roanoke, Virginia for Defendant.*

In this civil rights action brought under 42 U.S.C. § 1983, the defendant has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the action is time-barred. The Motion to Dismiss will be denied.

I.

The basic facts surrounding the present motion are uncontested. On August 23, 2019, the plaintiff Harley Jackson filed suit in this court under docket number 1:19CV00035 against Deputy Sheriff Scottie Whited. Jackson alleged that Whited had violated his constitutional rights on August 27, 2017, by searching his home and vehicle without a warrant. The plaintiff failed to serve the defendant with a summons and copy of the Complaint within 90 days as required by Federal Rule of Civil Procedure 4(m). The court thereafter ordered the plaintiff to show cause why

the action should not be dismissed without prejudice for this failure. In lieu of responding to the Order, the plaintiff filed a Notice of Voluntary Dismissal on April 23, 2021, thus causing the case (hereinafter, the First Action) to be dismissed without prejudice. Fed. R. Civ. P. 41(a)(1)(A)(i), (B).[1] There is no contention by the plaintiff that he attempted to serve process on the defendant without success or that he exercised due diligence in that regard.

On October 19, 2021, within six months of dismissing the First Action, the plaintiff filed the present case (the Second Action), bringing an identical claim against the defendant. Again, the plaintiff did not serve the defendant within 90 days and the court again directed the plaintiff to show cause for why the Second Action should not be dismissed without prejudice. This time, the plaintiff timely responded, explaining that he had suffered serious medical issues, and requesting that the court not dismiss the action. Before the court had an opportunity to rule, the plaintiff served the defendant on April 13, 2023. It is represented by defense counsel that

[1] "A voluntary dismissal under [Rule 41(a)(1)(A)(i)] is available as a matter of unconditional right and is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required." *United States v. Matthews (In re Matthews)*, 395 F.3d 477, 480 (4th Cir. 2005) (internal quotation marks and citation omitted).

this was the first actual notice that the defendant had received of the plaintiff's claim, over five years after the alleged events.

In response, the defendant filed a Motion to Dismiss under Rule 12(b)(5) for insufficient service. After a hearing, I denied the motion, finding a lack of actual prejudice and relying on the strong policy to decide cases on their merits. *Jackson v. Whited*, No. 1:21CV00044, 2023 WL 4697104, at *2 (W.D. Va. July 24, 2023). The defendant then filed the present motion seeking dismissal under Rule 12(b)(6), contending that the Second Action is time-barred by the applicable two-year statute of limitations.

The defendant's argument relies on the fact that the plaintiff obtained a voluntary dismissal of the First Action without serving process. The defendant asserts that the First Action was thus not deemed commenced and accordingly could not toll the limitations period. For the following reasons, I will deny the defendant's motion.[2]

II.

Resolving a motion to dismiss does not typically resolve factual contests, merits of a claim, or applicability of defenses. *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020). However, if all the facts necessary to rule on an affirmative defense such

---

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not significantly aid the decisional process.

as the bar of the statute of limitations "clearly appear" within the complaint, then the defendant may bring a 12(b)(6) motion to raise the defense. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (internal quotations marks and citation omitted).

When a cause of action accrues is a matter of federal law. *Nasim v. Warden, Md. House of Corr.*, 64 F3d. 951, 955 (4th Cir. 1995). For claims brought under 42 U.S.C. § 1983, accrual occurs when a plaintiff knows or has reason to know of the violation. *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). The present action plainly accrued on August 27, 2017, when the plaintiff contends that he witnessed the defendant search his residence and vehicle without a warrant and against his will. Compl. §§ 4, 5, ECF No. 1.

Congress has not enacted a federal statute of limitations that applies to claims under 42 U.S.C. § 1983. Because there is no express federal statute of limitations for the claim, the court must borrow the most analogous state statute of limitations. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991). Virginia's two-year statute of limitations for personal injury cases is the most analogous cause of action for § 1983. *Id.* In addition to the applicable limitations period, the state tolling provisions contained in Va. Code Ann. § 8.01-229 also apply. *Scoggins v. Douglas*, 760 F.2d 535, 538 (4th Cir. 1985).

Section 8.01-229 provides in relevant part as follows:

> 1. Except as provided in subdivision 3, if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.
>
> . . . .
>
> 3. If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, regardless of whether the statute of limitations is statutory or contractual, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

Va. Code Ann. § 8.01-229(E)(1), (3). A voluntary nonsuit as prescribed in Va. Code Ann. § 8.01-380 is the equivalent of a notice of voluntary dismissal under Rule 41(a)(1)(A)(i). *Scoggins*, 760 F.2d at 538.[3]

The plaintiff contends that the filing of the First Action tolled the statute of limitations under section 8.01-229(E)(1) and that his filing of the Second Action was thereafter timely based on section 8.01-229(E)(3), since it was filed within six months of the Notice of Voluntary Dismissal of the First Action. The defendant

[3] Both federal rule and the Virginia statute provide that only one voluntary dismissal without prejudice is available as a matter of right for the cause of action. Fed R. Civ. P. 41(a)(1)(B); Va. Code Ann. § 8.01-380(B).

disagrees, arguing that because process was never served on the defendant, the First Action was not commenced in accord with Federal Rule of Civil Procedure 4(m) and thus the statute of limitations expired two years after August 27, 2019, before the Second Action was filed.[4]

The defendant's position is supported by decisions of other judges of this District. *Coleman v. Ayers*, No. 6:23-cv-00018, 2023 WL 4032876, at *3 (W.D. Va. June 15, 2023) (Ballou, J.); *Doe v. Va. Polytechnic Inst. & State Univ.*, 617 F. Supp. 3d 412, 435 (W.D. Va. 2022) (Urbanski, J.). Those decisions cited a Fourth Circuit nonprecedential decision involving a federal securities claim, *Arabian v. Bowen*, No. 91-1720, 1992 WL 154026, at *2 (4th Cir. July 7, 1992) (unpublished), in which the court stated that an action is commenced for statute of limitations purposes if service is accomplished within the time as required by the rules and the plaintiff "has exercised due diligence in the service of process." On the other hand, in *Lewis v. Richmond City Police Dep't* , 947 F.2d at 735, also involving a § 1983 claim, the Fourth Circuit held that Federal Rule of Civil Procedure 3 governed the commencement of this suit for purposes of tolling the state statute of limitations.

[4] Rule 4(m) provides in pertinent part that "If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

That rule simply provides that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.

"The relationship between Federal Rule 3 and the measurement of statutes of limitations has long been a matter of controversy and considerable confusion." 4 Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1056 (4th ed. 2015). "[A]lthough the text of Rule 3 seems to require mere filing with the court for commencement and tolling," a number of courts have engrafted an additional requirement that "a delay in the issuance, delivery for service, or service of the summons and complaint upon the defendant might nullify the effect of filing the complaint." *Id.*

Other courts have rejected this standard and have chosen to strictly adhere to the text in Rule 3, which does not impose service of process as a requirement of commencing a suit for statute of limitation tolling purposes. *Moore Co. of Sikeston, Mo. v. Sid Richardson Carbon & Gasoline Co.*, 347 F.2d 921, 925 (8th Cir. 1965) (filing a complaint is sufficient to toll the statute of limitations and reasonable diligence in serving a complaint is not required; "If Congress or the rule makers had intended to impose such condition, it would have been a simple matter to include the conditions by appropriate language in the rule or the statute."); *accord Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987) (filing a complaint in federal cases under Rule 3 commences an action and tolls the statute of limitations); *McCrea v. Gen.*

*Motors Corp*., 53 F.R.D. 384, 385 (D. Mont. 1971) (preferring "the certainty which a literal application of Rule 3 brings to limitations problems to the uncertainty created by a read-in requirement that there be reasonable diligence in the service of process").

In *West v. Conrail*, 481 U.S. 35, 36 (1987), the Supreme Court considered a case involving a so-called "hybrid" suit against an employer for breach of a collective bargaining agreement and a union for breach of the duty of fair representation. The Court borrowed a six-month limitation period to the fair representation claim from another federal statute, the Labor Management Relations Act (LMRA), but refused to also add the LMRA requirement that service of the complaint also be made within that time. The Court stated that

> [a]lthough we have not expressly so held before, we now hold that when the underlying cause of action is based on federal law and the absence of an express federal statute of limitations makes it necessary to borrow a limitations period from another statute, the action is not barred if it has been "commenced" in compliance with Rule 3 within the borrowed period.

*Id.* at 39. *See Henderson v. United States*, 517 U.S. 654, 657 n.2 (1996) ("In a suit on a right created by federal law, filing a complaint suffices to satisfy the statute of limitations.") (citing *West*, 481 U.S. at 39).

There is no binding precedent for my resolution of the present issue. While I recognize that accepting the plaintiff's position may, as here, extend the notice period to the possible detriment of those sued, I find that the clear language of the

rules constrains a ruling otherwise. The present cause of action accrued on August 27, 2017. The plaintiff commenced the First Action within the two-year statute of limitations by filing the Complaint on August 23, 2019, even though the plaintiff later obtained a voluntary dismissal, without serving the defendant with process. The plaintiff renewed the action on October 19, 2021, within the window of Virginia's six-months savings clause. Therefore, the plaintiff's action is not time-barred.

IV.

For the reasons stated, it is **ORDERED** that the Motion to Dismiss, ECF No. 14, is DENIED.

ENTER: November 1, 2023

/s/ JAMES P. JONES
Senior United States District Judge